# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

DWIGHT HENRY,

    Defendant.
_____/

CASE NO. 08-20095
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 7, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss the Indictment [dkt. #19] and Motion to Reinstate Conditional Bond [dkt. #22]. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Defendant's motions are DENIED.

## II. DISCUSSION

Defendant is currently charged in a one-count indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Defendant now seeks to dismiss the indictment in light of the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). Specifically, Defendant argues that as a result of *Heller*, 18 U.S.C. § 922(g)(1) is unconstitutional

as applied to him. The Court disagrees.

In *Heller*, the Supreme Court struck down portions of the District of Columbia's gun-control statute as contrary to the Second Amendment's guarantee that "the right of the people to keep and bear arms[] shall not be infringed." U.S. Const. amend. II. In reaching this conclusion, the court addressed the historical underpinnings of the right, which included a discussion regarding self-defense. The majority in *Heller* ultimately concluded that the District of Columbia's statute, which totally prohibited the lawful possession of handguns in the home, could not withstand constitutional scrutiny. The majority opinion said nothing to suggest that laws prohibiting felons from possessing firearms, even for self-defense purposes, were likewise unconstitutional. Instead, the majority carefully narrowed its holding, specifically stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 2816-17. Given the clear pronouncement by the *Heller* majority, the Court declines Defendant's invitation to adopt the minority's position and overrule the United States Supreme Court. Accordingly, Defendant's Motion to Dismiss the Indictment is denied.

Finally, after reviewing Defendant's Motion to Reinstate Conditional Bond, the facts of this case, and the Court's prior decision regarding Defendant's bond, the Court finds nothing to suggest that bond should be reinstated and denies the present motion.

### III. CONCLUSION

For the reasons set forth above, Defendant's motions are HEREBY DENIED.

IT IS SO ORDERED.


                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2008

                        CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 7, 2008.


                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290